UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO ALL CASES |

## ORDER ON PRELIMINARY APPROVAL OF SETTLEMENTS

Plaintiffs Jason Goldman, Jeffrey Weaver, Billie Jo White, Brandon Watters, Priscilla Parker, Patrick Parker, Barry Amar-Hoover, Joshua Kabisch, Meghan Cherry, and Maya Haynes ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), have entered into 26 separate Settlement Agreements[1] with the Defendants listed in Exhibit A to the Counsel Declaration (Doc. No. 1250-1) ("Settling Defendants," and together with Plaintiffs, the "Settling Parties").

The Settlement Agreements, which are subject to review under Rule 23 of the Federal Rules of Civil Procedure, set forth the terms for resolving all claims against the Settling Defendants through dismissal of the Action as to such defendants and the release and discharge of all related claims, all subject to the conditions set forth in the Settlement Agreements.

The Court having considered the Settlement Agreements and the related submissions and finding that substantial and sufficient grounds exist to enter this Order, and the Parties having consented to the entry of this Order, rules as follows:

---

[1] The Settlement Agreements are attached as Exhibits A-1 through A-26 to the Joint Declaration of Interim Co-Lead & Liaison Counsel in Support of Preliminary Approval ("Counsel Decl.") and are incorporated herein by reference. (Doc. Nos. 1250 ¶ 5; 1250-2; 1250-3; 1250-4; 1250-5). Unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Settlement Agreements.

1

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of a Class ( "Settlement Class") consisting of:

> All persons and entities in the United States and its territories who paid rent on at least one multifamily residential real estate lease directly to any Owner, Managing Defendants, and/or Owner-Operator participating in RealPage's Revenue Management Solutions, [2] including its pricing software and/or lease renewal staggering software programs, or to a division, subsidiary, predecessor, principal, agent, or affiliate of any such Owner, Managing Defendant, and/or Owner-Operator, at any time during the Class Period.[3] Specifically excluded from this Class are Opt-Outs; Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; any affiliate, legal representative, heir or assign of any Defendant; any federal, state, or local governmental entities; instrumentalities of the federal government; states and their subdivisions, agencies, and instrumentalities; any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff; and any juror assigned to this Action.

2. This Court finds, preliminarily and for purposes of settlement only, that the prerequisites for class certification under Fed. R. Civ. P. Rule 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seeks to represent; and (d) Plaintiffs and Interim Co-Lead Counsel have, and will continue to fairly

---

[2] "Owner," "Managing Defendants," and "Owner Operator" are defined in the Consolidated Complaint (Doc. No. 728 at 2-3) and include the Defendants other than RealPage, Thoma Bravo Fund XIII, L.P., Thoma Bravo Fund XIV, L.P., and Thoma Bravo. "RealPage's Revenue Management Products" are synonymous with "RealPage's Revenue Management Solutions," which are defined in the Consolidated Complaint.

[3] For all Settling Defendants except for Apartment Income REIT LLC ("AIR") and Pinnacle Property Management Services, LLC ("Pinnacle"), the Class Period is October 18, 2018 through the date of entry of this Order Preliminarily Approving Settlement. For AIR, the Class Period is October 18, 2018 through August 12, 2024. For Pinnacle, the Class Period is October 18, 2018 through August 13, 2024.

and adequately protect the interests of the Settlement Class.

3. In addition, the Court finds, preliminarily and for purposes of settlement only, that this Action satisfies the requirements for class certification under Fed. R. Civ. P. Rule 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among the Settling Parties.

4. Pursuant to Fed. R. Civ. P. Rules 23(c)(1) and 23(g), preliminarily and for purposes of the Settlement only, Plaintiffs are certified as class representatives ("Class Representatives") of the Settlement Class and Patrick Coughlin of Scott+Scott Attorneys at Law, LLP; Stacey Slaughter of Robins Kaplan LLP; and Swathi Bojedla of Hausfeld, LLP appointed as Class Counsel for the Settlement Class.

5. The Court preliminarily finds that: (a) the Settlement Agreements resulted from good faith, arm's length negotiations during which the Settling Parties were represented by experienced counsel; and (b) the terms of the Settlement Agreements are fair, reasonable, and adequate, falling within the range of possible approval and warranting preliminary approval pursuant to Fed. R. Civ. P. 23(e)(2).

6. The Court finds that Class Counsel have the authority to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Settlement Agreements, or that are reasonably necessary to consummate the settlements.

7. The contents of the Settlement Funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Settlement Agreements and/or further order(s) of the Court.

8. Angeion Group, LLC is appointed as the Settlement Administrator to carry out the duties and responsibilities set forth in the Settlement Agreements.

9. The Settlement Administrator is hereby authorized and directed to establish and maintain a dedicated website for these settlements that shall: (a) provide information about the settlements, including but not limited to case background, settlement terms, and important dates and deadlines; (b) make available for download copies of this Order, the Settlement Agreements, and other relevant court documents; (c) include a portal allowing Class Members to preregister to receive future updates and communications regarding the settlements; (d) include contact information for the Settlement Administrator and Class Counsel; and (e) remain accessible and regularly updated throughout the notice period and claims administration process, and for such additional time as the Court may direct.

10. Notice and Administration Expenses up to $100,000.00 shall be paid from the Settlement Funds. Any such expenses exceeding $100,000.00 require prior Court approval before payment from the Settlement Funds. If the settlements are not finally approved or otherwise fail to become effective, neither Plaintiffs nor Class Counsel shall be obligated to repay any Notice and Administration Expenses to the Settling Defendants, and such Notice and Administration Expenses shall be allocated on a *pro rata* basis against each Settling Defendant's respective Settlement Fund.

11. Class Counsel and the Settlement Administrator are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Funds, to pay from the Settlement Funds any taxes owed with respect to the Settlement Funds, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the Settlement

Agreements.

12.     Neither this Order, the Settlement Agreements, nor any act performed or document executed pursuant to or in furtherance of the settlements:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any deception, wrongdoing, liability, negligence, or fault of Settling Defendants, or that any Plaintiff or Settlement Class Member was harmed or damaged by any conduct by any Settling Defendant;

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Settling Defendant in any arbitration proceeding or any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c)     is or may be deemed to be or shall be used, offered or received against the Plaintiffs, Settling Defendants, or Settlement Class Members as an admission, concession, or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Plaintiffs or Settlement Class Members, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and

(d)     is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Plaintiffs, Settling Defendants, or Settlement Class Members that any of Plaintiffs' or Settlement Class Members' claims are with or

5

without merit, that a litigation class should or should not be certified, or that damages recoverable in the Action would have been greater or less than the Settlement Amounts agreed to in the Settlement Agreements.

13. In the event a settlement is terminated in accordance with its terms, then the applicable Settlement Agreement and this Order, solely to the extent applicable to that Settlement Agreement, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any person against Settling Defendants, and each Plaintiff and Settling Defendant shall be restored to its respective litigation positions as of the date specified in the applicable Settlement Agreement. Notwithstanding the foregoing, any provisions of any Settlement Agreement that expressly or necessarily must survive termination of the Settlement Agreement shall remain in effect as to the parties to such Settlement Agreement and their counsel only, including any provisions concerning the return of the applicable Settlement Fund.

14. No later than fourteen (14) days before the Fairness Hearing (to be set by the Court by separate order at a later date), Settling Defendants shall file with the Court a notice of their compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, et seq. ("CAFA"). As of the entry of this Order multiple Defendants have filed Notice of Compliance with the CAFA. (Doc. Nos. 1271, 1274, and 1278).

15. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Agreements including, by way of illustration and not limitation, any disputes arising under the Settlement Agreements and the enforcement of any Settlement Agreement.

16. Pending the Court's final determination of whether to approve the Settlements,

6

Case 3:23-md-03071    Document 1313    Filed 11/21/25    Page 6 of 7 PageID #: 20864

Plaintiffs and Settlement Class Members are enjoined from prosecuting, pursuing, maintaining, or enforcing any Released Claims against Settling Defendants in any forum. This injunction will remain in force until the Court's final approval of the Settlements, or until such time as the Parties notify the Court that the Settlements have been terminated. This injunction is necessary to protect, effectuate, and aid the Settlements, this Order, and the Court's jurisdiction and judgments.

17. At a later date, Plaintiffs shall submit a proposed form of notice and plan of allocation. Plaintiffs shall update the Court on their progress in preparing for notice and formulating the plan of allocation in their regular monthly status reports to the Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE