# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) NO. 3:23-cv-03071 ) ) MDL No. 3071 ) ) THIS DOCUMENT RELATES TO ) ALL CASES ) |

## ORDER

Plaintiffs have moved to modify the Case Management Order (Doc. No. 891) that was entered on April 18, 2024. (Doc. No. 1206). They argue that extending the fact and expert discovery deadlines and the class certification and Daubert motions deadlines is necessary given the tremendous volume of documents they have received and the amount of time they have dedicated to settlement efforts. (Id.). Defendants oppose Plaintiffs' request, arguing that: (1) Defendants diligently produced and explained the structured data; (2) the problems Plaintiffs describe in their motion should have been anticipated as part of "the ordinary course of document production in a large, complex case"; (3) Plaintiffs delayed noticing (much less taking) any depositions until this month; and (4) settlement efforts do not establish good cause for an extension of time. (Doc. No. 1211). Plaintiffs filed a short reply, noting that: (1) they are seeking modest extensions of time that do not ultimately affect the trial date; (2) Defendants did not contest Plaintiffs' factual assertions about discovery delays and deficiencies; and (3) Defendants used their "opposition" as a surreptitious attempt to seek affirmative relief—namely, an attempt to reduce the number of depositions Plaintiffs can take. (Doc. No. 1212). Plaintiffs' motion will be granted for the reasons set forth below.

A scheduling order may only be modified for "good cause and with the judge's consent." Briggs v. Vincent-Bushon, 2018 WL 4261174, at *2 (M.D. Tenn. July 18, 2018). The hallmarks

of good cause are: (1) the moving parties' diligence to date, and (2) lack of prejudice to the non-moving party. Singh v. Vanderbilt Univ. Med. Ctr., 2020 WL 6290321, at *2 (M.D. Tenn. Oct. 26, 2020) (citing Ross v. Am. Red Cross, 567 F. App'x 296, 306 (6th Cir. 2014)).

First, there is no doubt Plaintiffs have been working diligently. Between January 2025 and August 2025, Defendants produced 13,949,442 documents to Plaintiffs. (Doc. No. 1207 at 14-15). Having to digest this amount of information, standing alone, would constitute good cause for an extension. Despite arguing that Plaintiffs should have foreseen the size of the production in this large, complex case, Defendants concede that the production was "massive." (Doc. No. 1211 at 7) (Defendants note the "enormity of the data sets"). Relatedly, Plaintiffs had to overcome significant technological hurdles to allow them to review and analyze the enormous dataset, including purchasing new servers and upgrading their old ones. (Doc. No. 1207 at 18). Moreover, several productions were delayed, (id.)—a fact that Defendants do not contest, but merely brush off as part of the "ordinary course of document production in a large, complex case." (Doc. No. 1211 at 9). Finally, Plaintiffs have engaged in significant, time-consuming mediation efforts that have resulted in 27 proposed settlements.[1] (Id. at 24). Simply put, Plaintiffs have undertaken a mountain of work over the past year and the Court is fully satisfied that Plaintiffs' attorneys have been working diligently. Plaintiffs also properly requested their extension well-ahead of the expiration of the existing deadlines.

Second, Defendants will be unharmed by the proposed modifications. Rather than identifying any actual prejudice stemming from Plaintiffs' modification request, Defendants

---

[1] Defendants have suggested that the time expended on mediation efforts cannot be used as an excuse for more time to complete discovery. (Doc. No. 1211 at 6). Defendants may be right in the run-of-the-mill case. Given the size and complexity of this case, though, the Court encouraged the parties to undertake early mediation efforts. The Court appreciates Plaintiffs' settlement efforts and will not punish them for doing exactly what the Court asked them to do.

2

complain that Plaintiffs waited until the end of the discovery period to notice 150 depositions.[2] (Doc. No. 1211 at 4). They then suggest that if Plaintiffs are given more time, they will notice even more depositions and that will prejudice Defendants. (Id.). By the Court's calculation, though, its Order on Deposition Limits would allow Plaintiffs to take at least 280 depositions. (Doc. No. 911). Defendants do not explain how they would be objectively prejudiced if Plaintiffs were given more time, and subsequently noticed the number of depositions they are allowed to notice under the Court's current Order.[3] Because Plaintiffs' proposed modifications will only shift the pretrial deadlines that come before the already established summary judgment deadline of March 1, 2027, and because the proposed modifications will not compress any of Defendants' response deadlines, they will not be prejudiced. In fact, extending the fact and expert discovery deadlines will allow the parties to negotiate an unhurried deposition schedule, something Defendants appear to favor.

In sum, Plaintiffs have established good cause for an extension of time because of the massive document production, the complex nature of the alleged price fixing allegations, the

---

[2] Defendants attached a series of emails to their Opposition Brief, but it is unclear how any of these emails advance any argument about (a) lack of diligence on the part of the Plaintiffs, or (b) prejudice to Defendants. Moreover, despite the popularity of doing so, attaching correspondence to pleadings is rarely a good idea. First, it is impolite to publicly disseminate conversations that the other party did not intend to be used in that manner. Second, the party attaching the conversation always does so confidently in the knowledge of their own righteousness. However, neutral arbiters rarely see it the same way. For example, in one of the attached emails, defense counsel demands that a deposition be taken on a particular day—take it or leave it. That email cast Defendant(s) in a bad light, not Plaintiffs. Simply put, email correspondences should only be attached to pleadings if necessary to prove a disputed fact. Otherwise, counsel should refrain from communicating "messages" to the Court by attaching conversations with opposing counsel.

[3] Defendants seem to use their Opposition as a request to modify the Court's Order on Deposition Limits. This is not allowed, though, because a party cannot imbed a request for affirmative relief in an opposition. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for" affirmative relief "is imbedded within an opposition memorandum, the issue has not been raised properly.").

3

critical role of experts in such cases and the need for Plaintiffs to adequately prepare for class certification and Daubert motions in a large and complex case that will still have the usual imperfect discovery challenges. Moreover, Defendants will likely be helped, not harmed, by an extension that would allow the parties to take depositions at a more civilized pace.

Accordingly, Plaintiffs' Motion to Modify the Case Management Order (Doc. No. 1206) is **GRANTED**.

The Case Management Order (Doc. No. 891) is modified as follows:

| Deadlines | Current Deadlines | Modified Deadlines (if any) |
|---|---|---|
| Fact discovery deadline | November 21, 2025 | February 27, 2026 |
| Opening expert reports | February 19, 2026 | May 8, 2026 |
| Rebuttal expert reports | April 20, 2026 | July 8, 2026 |
| Reply expert reports | June 4, 2026 | August 19, 2026 |
| Class certification motion<br><br>Daubert motions for opening expert reports | July 20, 2026 | August 31, 2026 |
| Opposition to class certification motion<br><br>Daubert motions for rebuttal expert reports<br><br>Oppositions to Daubert motions for opening expert reports | September 7, 2026 | October 14, 2026 |
| Reply in support of motion for class certification<br><br>Opposition to Daubert motions for rebuttal reports<br><br>Replies in support of Daubert motions for opening reports | October 7, 2026 | November 13, 2026 |
| Replies in support of Daubert motions for rebuttal reports | November 6, 2026 | December 12, 2026 |

| | | |
|---|---|---|
| Class Certification and Daubert hearing | November or December 2026 | January 11, 2027 |
| Summary judgment motions | March 1, 2027 | Unchanged |
| Oppositions to summary judgment motions | April 30, 2027 | Unchanged |
| Replies in support of summary judgment motions | June 14, 2027 | Unchanged |
| Argument on summary judgment motions | July 15 and 16, 2027 | Unchanged |
| Trial-ready | October 1, 2027 | Unchanged |
| Pretrial materials due for M.D. Tenn. Cases | January 10, 2028 | Unchanged |
| Pretrial Conferences for M.D. Tenn. Cases | January 18 and 19, 2028 | Unchanged |
| Jury trial for M.D. Tenn. Cases | February 1, 2028 | Unchanged |

The parties shall now abide by the deadlines outlined in this chart.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE